IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JANINE MCDONALD <br>     Plaintiff | * |
| | * |
| v. | |
| | *   CIVIL ACTION NO. ELH-12-2759 |
| UNITED STATES POSTAL SERVICE <br>     Defendant | * |

**MEMORANDUM**

Plaintiff Janine McDonald ("McDonald"), a resident of Baltimore, Maryland, was detained at the Baltimore City Detention Center ("BCDC") pending trial on charges of attempted first-degree murder, first-degree assault, reckless endangerment, and weapons violations related to an incident that occurred on March 18, 2012.[1] She has filed suit against the United States Postal Service ("USPS") under 42 U.S.C. § 1983. *See* ECF 1. The letter complaint, although not a model of clarity, alleges "non-delivery of mail." Further, plaintiff indicates that she fears she may be evicted from her apartment while awaiting trial, and contends that her credit card bills and other important mail delivered there may be lost or misdirected. McDonald also asserts that the USPS has ignored her repeated written and oral requests to change her mailing address, and she seeks to compel defendant to respond to her requests to change her mailing address so that her mail will be delivered and/or forwarded to her. On November 21, 2012, plaintiff filed a supplement to her complaint. *See* ECF 10.

---

[1] http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=112102004&loc=69&detailLoc=DSK8. Based on a recent telephone call to the court, it appears McDonald has been transferred to the Clifton T. Perkins Hospital Center for a competency evaluation.

Defendant filed a motion to dismiss for lack of jurisdiction (the "Motion," ECF 8). The USPS asserts that McDonald failed to exhaust her claim under the Federal Tort Claim Act ("FTCA"), citing 28 U.S.C. §§ 2671 *et seq.* and 28 U.S.C. § 1346(b). Defendant also contends that, pursuant to 28 U.S.C. § 2680(b), the government retains sovereign immunity with regard to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." ECF 8 at 2-3. McDonald opposes the Motion (ECF 10). The USPS has filed a reply to McDonald's opposition (ECF 11), and seeks leave to file a supplemental memorandum of law. ECF 13.[2] No hearing is necessary to resolve the Motion. *See* Local Rule 105.6 (D. Md.).

**Standard of Review**

Defendant's Motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(1). The USPS has also submitted the Declaration of Elinor Brown, a paralegal with the USPS, who notes that plaintiff has not filed an administrative tort claim.[3]

Under FED. R. CIV. P. 12(b)(1), a motion to dismiss for lack of subject matter jurisdiction raises the issue of "whether the court has the competence or authority to hear and decide the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).[4] Upon a challenge to jurisdiction, the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir.

---

[2] Leave to file the supplemental memorandum is granted.

[3] It does not appear that McDonald intended to seek recovery under the FTCA. In any event, she claims that she attempted to exhaust administrative remedies. *See* ECF 10.

[4] The question of subject matter jurisdiction may be raised by the parties or the court, *sua sponte*, at any stage of the litigation. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *see Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 197 (4th Cir. 2008).

1999); *see also United States ex. rel. Vuyyuru v. Jadhau*, 555 F.3d 337, 347 (4th Cir. 2009). In this case, a hearing does not appear necessary.

A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp.2d 730, 736 (D. Md. 2001). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see also Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *Evans*, 166 F.3d at 647. That is, "the court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted), *aff'd*, 85 Fed. Appx. 960 (4th Cir. 2004).

If "a claim fails to allege facts upon which the court may base jurisdiction," the court may properly grant a motion to dismiss for lack of subject matter jurisdiction. *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citation omitted). "Unless 'the jurisdictional facts are intertwined with the facts central to the merits of the dispute,' the district

court may . . . resolve the jurisdictional facts in dispute by considering evidence . . . such as affidavits." *United States ex rel. Vuyyuru*, 555 F.3d at 347-48 (citation omitted). Alternatively, the court may "hold an evidentiary hearing to determine whether the facts support the jurisdictional allegations." *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *accord Kerns*, 585 F.3d at 192.

McDonald complains that her local post office will not forward her mail to her present place of confinement. To the extent this claim is construed as a tort claim for improper delivery of mail, it falls within the postal matters exception to the FTCA's waiver of immunity, and must be dismissed for lack of subject matter jurisdiction. *See Dolan v. USPS,* 546 U.S. 481, 485 (2006) ("[T]he United States may be liable if postal employees commit torts under local law, but not for claims defined by this [§ 2680(b)] exception."); *Gildor v. USPS,* 179 Fed. Appx. 756, 758-759 (2nd Cir. 2006) (affirming dismissal of plaintiff's tort claims alleging negligent mis-delivery of his package); *Chinn v. United States Postal Serv.*, 2011 U.S. Dist. LEXIS 19226 ** 11-12 (S.D. Ohio, January 31, 2011) (delivery of mail to the wrong address falls within the postal exception to the FTCA); *Rosales v. USPS*, 2010 U.S. Dist. LEXIS 63365** 9-10 (E.D.N.Y., June 22, 2010) (dismissing *pro se* complaint against USPS for loss of mail).

This finding, however, does not resolve the case. McDonald argues that this situation is not a matter of improper mail delivery, but rather a deliberate failure by a local post office to follow her instructions and forward her mail or, alternatively, to "submit a change of address form for [her]" or provide a change of address form mailed to her at BCDC. ECF 10 at 3-4, 9. Given this clarification, it is apparent that McDonald's action is more appropriately analyzed as a request for mandamus relief under 28 U.S.C. § 1361.

Federal district courts have original jurisdiction of any action in the nature of mandamus

to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. The statute does not confer subject matter jurisdiction automatically; on the contrary, federal courts do "not have original jurisdiction to issue writs of mandamus . . . except as an ancillary remedy to be used in the exercise of jurisdiction already acquired." *Kivett v. Gathright*, 360 F. Supp. 102 (W.D. Va. 1973) (citing *Craig v. State of California*, 376 F.2d 583, 584 (7th Cir. 1967)); *see also Pearson v. U.S. Postal Service*, 2007 WL 624536 at * 1 (N.D. Fl., Feb. 22, 2007) (noting that 28 U.S.C. § 1361 does not provide an independent ground for subject matter jurisdiction).

To establish jurisdiction under 28 U.S.C.§ 1361, McDonald must demonstrate "the existence of the essential elements supporting a mandamus action," *First Fed. Sav. & Loan Ass'n. v. Baker*, 860 F.2d 135, 140 (4th Cir.1988), and must show that: (i) she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform that act in question; and (iii) no other adequate remedy is available. *Id*. at 138; *see also In re Beard*, 811 F.2d 818 (4th Cir. 1986); *In re Braxton*, 258 F. 3d 250, 261 (4th Cir. 2001).

McDonald claims that she has written several letters to her local post office in Baltimore and attempted to call on one occasion. ECF 1 at 1. But, the matter was never submitted to the Postmaster General, a customer service line, or the Inspector General. The agency website, available at www.usps.gov, contains numerous contacts, phone numbers, and general information, and provides a user-friendly process for postal customers to avail themselves of the agency's mail forwarding services. This process is specifically designed both to provide mail forwarding services to the customer and to protect the sanctity of the U.S. mail.

Essentially, McDonald is asking the court to intervene in what appears to have been considered at only one level of the involved federal agency. While McDonald has indicated she

5

has submitted written requests to a local post office, she has failed to identify any law or regulation that would require the relief sought based only on what she submitted. Indeed, McDonald has not demonstrated where her requests were sent, and it is unclear where and if any of the requests were received. Thus, she has failed to establish a "clear and indisputable" right to a legal duty in order to establish jurisdiction. *See Allied Chem. Corp. v. Daiflon, Inc*., 449 U.S. 33, 35 (1980) (cited in *In re Tomkins*, 2009 WL 415529 (4th Cir. 2009)).

There is no requirement that USPS forward an individual's mail simply upon oral or written request. USPS personnel indicate that a customer can use an on-line process to request a change of address. This process costs $1.00 and requires the customer to possess a credit card in the customer's name. Alternatively, a customer may visit a post office and request and fill out a change of address card, but the change will not be accepted until USPS verifies the validity of the request by contacting the customer at the old address prior to the move. Of import here, the USPS will also recognize a valid power of attorney, so that mail can be obtained for customers who are hospitalized or otherwise unable to submit a request or receive mail through routine delivery. Although I cannot compel the USPS to act under the facts of this case, McDonald is not without recourse. She may enlist the help of family or friends, or authorize a trusted individual to act as her power of attorney to obtain her mail and/or pay her bills.

In sum, McDonald has not identified a legal right to temporary, indefinite delivery of her mail to a location of her choice based on her letters, nor a duty on behalf of the United States Postal Service to provide it, and thus is not entitled to a writ of mandamus.[5] Therefore, the Court will grant the Motion.

---

[5] In addition to the hurdle of properly completing the address change, McDonald would face another problem in ensuring mail delivery; BCDC and Perkins mail rooms require the sender to place a defendant's identification number on the front of each envelope. McDonald's

A copy of this decision shall be sent to the parties; to the Warden at McDonald's present place of confinement, Clifton T. Perkins Hospital Center; and to her defense counsel, Jessica Colwell, Assistant Public Defender, 201 St. Paul Place, Baltimore, Maryland 21202.  A separate Order follows.

Date:  January 10, 2013                         /s/
                                                Ellen Lipton Hollander
                                                United States District Judge

---

creditors, however, would not readily have access to that number to include on her bills.